IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *AMIR K. MAJOR*, | ) | Docket Number: 20-cv- |
|    Plaintiff, | ) | |
| | ) | Presiding Judge: |
| *v.* | ) | The Honorable |
| | ) | |
| *NATIONAL CREDIT ADJUSTERS, L.L.C.*, | ) | |
|    Defendant. | ) | |

## COMPLAINT

Plaintiff Amir Major, by his counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) In 1978, the United States Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C § 1692(a). Thus, Congress enacted The Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e). Although Defendant National Credit Adjusters, LLC, on its website, claims that, it "bring[s] integrity and the highest standards of compliance to debt servicing," in fact, Defendant National Credit Adjusters uses unfair debt collection practices and, hence, has violated the Fair Debt Collection Practices Act.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction of this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C.

§ 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events and omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

### Parties.

3) Amir Major is an individual residing in the State of Illinois and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4) Defendant National Credit Adjusters is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant National Credit Adjusters is a Limited Liability Company organized in the State of Kansas and also organized in the State of Illinois. According to Defendant National Credit Adjusters's website, Defendant National Credit Adjusters "specialize[s] in purchasing and servicing delinquent account receivables" and has "become an industry leader."

### Facts.

5) Like millions of other Americans today, after Amir Major incurred significant consumer debts, he struggled to service all of his debts and he eventually became delinquent with respect to some consumer debts.

6) Defendant National Credit Adjusters eventually began handling some of this consumer debt as the debt collection agency. Defendant National Credit Adjusters, as the debt collection agency, has placed numerous telephone calls to Mr. Major, and Defendant National Credit Adjusters has spoken with Mr. Major rudely, aggressively, and disrespectfully. Even after Mr. Major personally asked Defendant National Credit Adjusters to cease calling him, Defendant National Credit Adjusters continued to place telephone calls to him. Defendant National Credit Adjusters placed telephone calls to Mr. Major, and when Mr. Major or his voice mail answered

(within the Eastern Division), Defendant National Credit Adjusters disconnected those telephone calls without identifying the caller's identity.

## Cause of Action.

7) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Subsection 1692d(5) specifically prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass." Subsection 1692d(6) also specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."

8) Defendant National Credit Adjusters's annoying telephonic communications, Defendant National Credit Adjusters's continuing telephone calls (even after Mr. Major lawfully asked Defendant to stop), and Defendant National Credit Adjusters's disconnecting of telephone calls, without identifying the caller's identity, are all direct violations of The Fair Debt Collection Practices Act, as stated in 15 U.S.C. §§ 1692d(5) & (6).

## Prayer for Relief.

WHEREFORE, Amir K. Major prays that this Court will enter judgment in his favor and against Defendant National Credit Adjusters, L.L.C. for his damages, including statutory damages, and the costs of this action, together with reasonable attorney's fees, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

       Respectfully submitted,
       Plaintiff Amir Major's Counsel
       North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*
       Paúl Camarena, Esq.